UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHERIE EASTERLING,<br>    Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT,<br>DEPARTMENT OF CORRECTION,<br>    Defendant, | :<br>:<br>:   CIVIL ACTION NO.<br>:   3:08-CV-0826 (JCH)<br>:<br>:<br>:<br>:   MAY 5, 2011 |

**RULING RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [Doc. No. 116]**

Plaintiff Cherie Easterling filed her Complaint in this action on May 30, 2008. Compl. (Doc. No. 1). On August 11, 2008, the defendant, the State of Connecticut Department of Correction ("DOC"), filed a Motion to Dismiss (Doc. No. 20), which the court denied on February 9, 2009 (Doc. No. 50). The DOC's Answer was due by February 24, 2009. See Fed. R. Civ. P. 12(a)(4)(A). More than 20 months later, on November 2, 2010, the DOC filed its Answer, which asserted eight affirmative defenses. Doc. No. 109. On November 23, 2010, Easterling timely filed a Motion to Strike seven of the DOC's affirmative defenses. See Doc. No. 116.

"A court may . . . extend the time to answer for 'good cause,' but when there is a request for such an extension after the time to answer has expired, a party must file a motion demonstrating that its failure to act was the result of "excusable neglect." Yahoo, Inc. v. Nakchan, No. 08 Civ. 4581(LTS)(THK), 2011 WL 666678, *1 (S.D.N.Y. Feb. 22, 2011); see Fed. R. Civ. P. 6(b)(1)(B). In this case, the DOC has not filed such a motion. Moreover, the DOC's opposition to the Motion to Strike does not address the issue of excusable neglect.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Yahoo, Inc., 2011 WL 666678, at *2 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392 (1993)). The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on the proceeding, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." Yahoo, Inc., 2011 WL 666678, at *2 (quoting Pioneer Inv. Servs. Co., 507 U.S. at 395). Easterling contends that the plaintiff class would be prejudiced by permitting the DOC's affirmative defenses, because discovery had closed at the time of DOC's Answer, and summary judgment briefing had commenced. Mem. in Supp. (Doc. No. 117), at 1. The court agrees that permitting the affirmative defenses after discovery has closed would impermissibly prejudice the plaintiff, with the exception of the fourth and seventh affirmative defenses.[1]

The DOC's fourth affirmative defense is that the "plaintiffs have failed to mitigate their damages." Answer, at 7. Although merits discovery has closed, damages

---

[1] The court observes that the first, second, and eighth affirmative defenses do not constitute valid special defenses within the meaning of Federal Rule of Civil Procedure 8(c), and the court would have stricken them from the Answer for that reason. Moreover, the DOC failed to raise its third affirmative defense (exhaustion of administrative remedies) or its fifth affirmative defense (statute of limitations bar) in opposition to Easterling's Motion for Summary Judgment.

Easterling does not challenge the sixth affirmative defense (job-relatedness). This affirmative defense is an explicit part of the statutory scheme for establishing disparate impact, 42 U.S.C. § 2000e-2(k)(1)(A)(i), and the plaintiff has been on notice of this defense from the outset of litigation.

discovery has not yet occurred, and the court finds the plaintiff would not suffer any prejudice from the inclusion of this affirmative defense. See Scheduling Order (Doc. No. 97); Order (Doc. No. 105). Therefore, the court denies the Motion to Strike as to the fourth affirmative defense, and the defendant may raise this defense during the damages phase of this litigation.

The DOC's seventh affirmative defense is that the "plaintiffs' claims are barred by the Eleventh Amendment to the U.S. Constitution and by the doctrine of sovereign immunity." Answer, at 7. "Eleventh Amendment immunity, like subject matter jurisdiction, is an issue that may be raised for the first time on appeal." See Woods v. Rondout Valley Central Sch. Dist. Bd. of Educ., 466 F.3d 232, 238 (2d Cir. 2006). Because Eleventh Amendment immunity acts as a "jurisdictional bar," the defendant may raise it at any time. Id. at 237. The court denies the Motion to Strike this affirmative defense.

In conclusion, the court **GRANTS** the Motion to Strike [**Doc. No. 116**] as to Defendant's Affirmative Defenses 1, 2, 3, 5, and 8. The court **DENIES** the Motion to Strike [Doc. No. 116] as to Defendant's Affirmatives Defense 4 and 7.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of May, 2011.

                                           /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge