UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| CHERIE EASTERLING, individually | : | |
| and on behalf of all others similarly situated | : | |
| | : | CIVIL ACTION NO. 08 CV 826 (JCH) |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | August 4, 2011 |
| DEPARTMENT OF CORRECTION. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DECERTIFY CLASS**

0

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .........................................................................................................................1

ARGUMENT...............................................................................................................................2

*WAL-MART v. DUKES* ONLY REQUIRES THAT ASPECTS OF THE REMEDIAL PHASE
BE RECERTIFIED UNDER RULE 23(B)(3) AS AN ISSUES CLASS, NOT THAT THE
ENTIRE CLASS BE DECERTIFIED .........................................................................................2

    A.    Class Remedial Proceedings in a Disparate Impact Case ...............................................2

    B.    A Rule 23(b)(3) Class is Compatible with Dukes. .........................................................5

    C.    The Court Should Convert the Current Class to a Hybrid Rule 23(b)(2) and (b)(3)
        Class ...............................................................................................................................6

    D.    The Remedial Phase Meets the Conditions of Rule 23(b)(3) .........................................6

        1.    Rule 23(b)(3)'s Predominance Requirement .......................................................7

        2.    Rule 23(b)(3)'s Superiority Requirement ............................................................8

CONCLUSION............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexander v. City of Milwaukee*,
    474 F.3d 437 (7th Cir. 2007) ...................................................................................5

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997).................................................................................................8

*Cashman v. Dolce Intern./Hartford, Inc*.,
    225 F.R.D. 73 (D. Conn. 2004)............................................................................8, 9

*Diaz v. E. Locating Serv. Inc*.,
    No. 10 Civ. 4082, 2010 WL 2945556 (S.D.N.Y. July 22, 2010) ...........................9

*EEOC v. Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Indus.*,
    186 F.3d 110 (2d Cir. 1998)....................................................................................3

*EEOC v. Local 638*,
    No. 71 Civ. 2877(RLC), 2004 WL 2414013 (S.D.N.Y. Oct.28, 2004)...................8

*In re Nassau Cnty. Strip Search Cases*,
    461 F.3d 219 (2d Cir. 2006)....................................................................................7

*In re Visa Check/MasterMoney Antitrust Litig.*,
    280 F.3d 124 (2d Cir. 2001)....................................................................................7

*LaFlamme v. Carpenters Local No. 370 Pension Plan*,
    212 F.R.D. 448 (N.D.N.Y 2003).............................................................................9

*Robertson v. Sikorsky Aircraft Corp*.,
    No. 397 CV 1216(GLG), 2000 WL 33381019 (D. Conn. July 5, 2001) ..................6

*Robinson v. Metro-N. Commuter R.R. Co.*,
    267 F.3d 147 (2d Cir. 2001), *cert. denied*, 535 U.S. 951 (2002)......................2, 6, 9

*Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co*.,
    130 S. Ct. 1431 (2010)............................................................................................6

*United States v. Brennan*,
    No. 08-5171-CV(L), 2011 WL 1679850 (2d Cir. May 5, 2011)..............................2

*United States v. City of New York*,
    No. 07–CV–2067 (NGG)(RLM), 2011 WL 2259640 (E.D.N.Y. June 6, 2011)...............4, 5, 8

*United States v. City of New York*,
    No. 07–CV–2067, 2011 WL 2680474 (E.D.N.Y. July 8, 2011) ..................................5, 7, 8, 9

*United States v. City of Warren*,
    138 F.3d 1083 (6th Cir. 1998) ........................................................................................................3

*Velez v. Novartis Pharm. Corp.*,
    No. 04CIV09194 (CM), 2010 WL 4877852 (S.D.N.Y. Nov. 30, 2010) ...................................9

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)......................................................................................................... passim

**OTHER AUTHORITIES**

1 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 4.14 ..........................6

Rule 23 ..................................................................................................................................... passim

iii

## PRELIMINARY STATEMENT

Defendant's so-called motion to "decertify [the] class" is nonsensical.  In essence, Defendant argues that because back-pay damages cannot be maintained as a Rule 23(b)(2) class, the Court is powerless to certify a class for any purpose.  As a result of the *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) decision, Plaintiffs submit that the Court should limit the existing class certification decision to retain Rule 23(b)(2) certification for the liability phase of the case and for class-wide injunctive relief, and certify post-liability monetary relief claims under Rule 23(b)(3) as an issues class under Rule 23(c)(4) for the 177 class members who are entitled to make-whole relief.

## BACKGROUND

Plaintiffs initiated the present action in the District of Connecticut on May 30, 2008. Doc. No. 1.  This Court granted Plaintiffs motion to certify the class on January 4, 2010. Doc. No. 75.  On May 5, 2011, this Court granted Plaintiffs motion for summary judgment. Doc. No. 133.  The Court held a telephonic conference on May 24, 2011.  Doc. No. 138.  During that conference, the parties agreed to a referral to Magistrate Judge Fitzsimmons.  Doc. Nos. 139 -140.  An initial telephonic conference was held on May 26, 2011 (Doc. No. 141) and an in-person conference was scheduled for July 18, 2011. Doc. No. 140.  In the interim, Defendant moved to decertify the class on July 14, 2011. Doc. No. 142.  After reviewing the parties' ex parte submissions and Defendant's motion, Magistrate Judge Fitzsimmons suggested a telephonic conference to discuss the status of the case and viability of settlement at this time.  A telephonic conference was held on July 18, 2011.  Doc. No. 144.

Following the resolution of this motion, Plaintiffs anticipate returning to this Court to seek injunctive relief on behalf of the class and present a case management plan to address economic damages.

## ARGUMENT

### *WAL-MART v. DUKES* ONLY REQUIRES THAT ASPECTS OF THE REMEDIAL PHASE BE RECERTIFIED UNDER RULE 23(b)(3) AS AN ISSUES CLASS, NOT THAT THE ENTIRE CLASS BE DECERTIFIED.

The Supreme Court held in *Dukes* that back-pay damages may not be included in a Rule 23(b)(2) class where an individualized inquiry is required because of due process concerns relating to notice and opt out rights.  Consequently, the grant of certification for non-monetary relief under Rule 23(b)(2) should be left undisturbed and the individualized remedial phase of the case should be recertified under Rule 23(b)(3) as an issues class pursuant to Rule 23(c)(4).

### A.    Class Remedial Proceedings in a Disparate Impact Case.

The Second Circuit has controlling authority, *Robinson v. Metro-N. Commuter R.R. Co.,* 267 F.3d 147 (2d Cir. 2001), *cert. denied*, 535 U.S. 951 (2002), about administration of a class remedy:

> Should the plaintiffs succeed in establishing a Title VII disparate impact violation, the court may order prospective class-wide injunctive relief. Still, in order for an employee to obtain individual relief (e.g., back or front pay), an inquiry similar to the remedial stage of a pattern-or-practice disparate treatment claim is generally required. Each class member must show that he or she was among those adversely affected by the challenged policy or practice. If this showing is made, the class member is entitled to individual relief unless the employer in turn can establish by a preponderance of the evidence that a legitimate non-discriminatory reason existed for the particular adverse action.

*Id.* at 161-62 (2d Cir. 2001) (citations omitted). *Accord United States v. Brennan,* No. 08-5171-CV(L), 2011 WL 1679850, at *52-53 (2d Cir. May 5, 2011). *Cf. Dukes* 131 S. Ct. at 2561 (reaffirming the same Phase I and II method of adjudicating Title VII pattern-or-practice cases).

2

Injunctive relief in this case has not yet been ordered (and will be the subject of additional proceedings), but (as noted) merits Rule 23(b)(2) treatment.

Though this brief is not directed at a comprehensive analysis of the appropriate standard for monetary relief, Defendant's brief is loaded with misunderstandings about the legal standards for Title VII relief in a disparate impact case. Once a classwide disparate impact violation is found, as here, each class member establishes a presumptive entitlement to relief by showing that she applied for the job and was rejected. *See EEOC v. Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Indus.*, 186 F.3d 110, 122 (2d Cir. 1998) ("[w]hen, as here, there has been an allegation of an unlawful refusal to hire, a plaintiff establishes a prima facie case of entitlement to back pay simply by showing that she applied for the position at issue and was not hired"). Defendant mistakenly assigns the burden to the *class* members of proving that they also "would have been selected for a correction officer position from the certification list." (Doc. No. 142-1 at 8). That is clearly wrong; the burden is on the *employer* to establish that class members would *not* have been hired. *Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Indus.,* 186 F.3d at 123. Regarding the award of back pay to the class members, defendant suggests incorrectly that "[i]n order to prove an entitlement to money damages, each plaintiff would be required to demonstrate that she would be able to successfully complete the physical fitness test that is *currently* administered to correction officer candidates, including the 300-meter run currently used in the selection process, in addition to the background investigation and the interview process" (Doc. No. 142-1 at 7-8)(emphasis added). But the relevant issue in calculating back pay is whether the employee would have been hired absent the discriminatory practice (*Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Indus.,* 186 F.3d at 123-24; *United States v.*

*City of Warren*, 138 F.3d 1083, 1097 (6th Cir. 1998)), not whether they would have been hired

many years later under a hypothetical policy that did not previously exist.

Moreover, where (as here) it cannot be determined definitively who would have been

hired, courts have applied a different remedial scheme, as another court recently summarized:

> Ordinarily, "[r]emedial relief should be granted only to those class members who
> would have filled vacancies had there been no discrimination." *Ingram v.
> Madison Square Garden Center. Inc.*, 709 F.2d 807, 812–13 (2d Cir.1983) (*citing
> Ass'n Against Discrimination in Employment Inc. v. City of Bridgeport,* 647 F.2d
> 256, 284–87 (2d Cir. 1981) ("AADE")). **The Second Circuit and several other
> circuit courts agree, however, that class-wide calculation and pro rata
> distribution of backpay is appropriate in cases, such as this one, "where 'the
> number of qualified class members exceeds the number of openings lost to
> the class through discrimination.'"** *Robinson*, 267 F.3d 147, 161 n. 6 (*quoting
> Catlett v. Mo. Highway & Transp. Comm'n*, 828 F.2d 1260, 1267 (8th Cir.
> 1987)); *see also Ingram*, 709 F.2d at 812–13; *United States v. City of Miami*, 195
> F.3d 1292, 1299–1301 (11th Cir.1999); *Segar v. Smith*, 738 F.2d 1249, 1289–91
> (D.C. Cir. 1984). In cases such as this one, the court is unable to reliably
> determine which of the eligible job applicants would have been hired in the
> absence of discrimination. *Robinson*, 267 F.3d at 161 n. 6 (*quoting Catlett*, 828
> F.2d 1260, 1267). **Instead of attempting to make such determinations on an
> individualized basis, "[t]he fairer procedure [is] to compute a gross award
> for all the injured class members and divide it among them on a pro rata
> basis."** *Ingram*, 709 F.2d at 812–13.

*United States v. City of New York*, No. 07–CV–2067 (NGG)(RLM), 2011 WL 2259640, at *11

(E.D.N.Y. June 6, 2011) (emphasis added).  This is not the "Trial by Formula" disparaged by the

*Dukes* court (131 S. Ct. at 2561), because the class here (in contrast to *Dukes*) does not intend to

do away with individual hearings.  Defendant will still have the opportunity to affirmatively

prove that one or more individual class members would not have been hired, or failed to mitigate

damages, or completely set-off their losses.  The remaining class members are entitled to full

monetary relief because there is no accurate method to reconstruct reality years after the fact to

identify which class member applicant would have been theoretically hired but for the application of the discriminatory test.  *See, e.g., Alexander v. City of Milwaukee*, 474 F.3d 437, 449 (7th Cir. 2007).

### B.     A Rule 23 (b)(3) Class is Compatible with *Dukes*.

Judge Garaufis' more recent decision in the Eastern District of New York in the New York City firefighter case is instructive on the application of *Dukes* to Title VII class actions.  In the wake of *Dukes*, the City of New York sought decertification of the class in *United States v. City of New York,* a Title VII disparate impact and treatment hiring case.  *United States v. City of New York*, No. 07–CV–2067, 2011 WL 2680474 (E.D.N.Y. July 8, 2011).  That case involves a written firefighters' test alleged to have a disparate impact on the basis of race, combined with a pattern-or-practice claim of disparate treatment.

In a comprehensive opinion, Judge Garaufis declined to decertify the case and instead certified certain remedial subclasses under Rule 23(b)(3).  The court noted that the *Robinson* holding "requiring Rule 23(b)(2) certification of the liability phase of pattern-or-practice disparate treatment cases is . . . technically undisturbed by *Wal–Mart*, and remains the law in this Circuit." *Id. at *8.*  The Court also noted that the "initial classwide phases of a disparate impact claim similarly focus on the defendant's employment actions vis-à-vis the protected group as a whole." *Id.* at 10.  Regarding issue certification, the Court held that "[t]he Second Circuit's interpretation of Rule 23(c)(4) is consistent with *Wal–Mart*'s interpretation of Rule 23(b). *Wal–Mart*'s interpretation of Rule 23(b) turned on the Court's analysis of the structural differences between (b)(2) and (b)(3) classes." *Id.* at *9.

The court certified make-whole relief for the subclasses under Rule 23(b)(3). *Id.* at *25. It found that the existence of a common liability issue produced sufficient cohesion to predominate

over the individualized issues of relief.  *Id.*  Each class member would still bear the burden of

establishing that they were a victim of discrimination, but relief would partake of common proof:

> [T]he court has determined that it will assess the aggregate backpay, retroactive
> seniority, and priority hiring relief available to the members of the nonhire victim
> and delayed-hire victim subclasses on a classwide basis because it is impossible to
> reliably determine exactly which subclass members would have received job
> offers in the absence of discrimination. Individual relief will then be distributed
> pro rata among eligible claimants. [*Id.*; citations omitted.]

Ultimately, "the resolution of these individual questions is of relatively minimal significance to

the litigation as a whole."  *Id.* at *26.  Such a class thus proved compatible with *Dukes*.

### C.    The Court Should Convert the Current Class to a Hybrid Rule 23(b)(2) and (b)(3) Class.

Following the Title VII remedial principles outlined above, courts in this circuit have

already set out an efficient method for resolving the relief issues as a class: combining the

mandatory Rule 23(b)(2) class for class-wide injunctive relief with a Rule 23(b)(3) class for

individualized remedies.  "Under hybrid certification a court permits certification under 23(b)(2)

despite the request for non-incidental monetary relief and requires full 23(b)(3) notice and

opportunity to opt-out for absent class members for either the entire case or, if bifurcated, the

damages phase."  *Robertson v. Sikorsky Aircraft Corp.*, No. 397 CV 1216(GLG), 2000 WL

33381019, *20 (D. Conn. July 5, 2001).  *See Robinson,* 267 F.3d at 162 n. 7 (noting that district

court in a Title VII action may "certify the claims for injunctive relief under Rule 23(b)(2) and

the damages claims under Rule 23(b)(3)") (*citing* 1 HERBERT B. NEWBERG & ALBA CONTE,

NEWBERG ON CLASS ACTIONS § 4.14, at 4-51 to 4-52 (3d ed.1992)).

### D.    The Remedial Phase Meets the Conditions of Rule 23(b)(3).

"By its terms [Rule 23] creates a categorical rule *entitling* a plaintiff whose suit meets the

specified criteria to pursue his claim as a class action."  *Shady Grove Orthopedic Assoc., P.A. v.*

*Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010) (emphasis added).  Rule 23(b)(3) is satisfied where the Court finds both that  (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  These conditions are met here.  Recalling that there are only 177 class members here and that liability (admittedly common) is already decided, holding the group together to wind up a case in its final stages is clearly superior to sending all of the class members to file separately-captioned cases.

### 1.      Rule 23(b)(3)'s Predominance Requirement.

Rule 23(b)(3)'s predominance inquiry is satisfied where "'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof.'"  *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001) (quoting *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000)).  "Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues."  *In re Visa*, 280 F.3d at 139.  "In determining whether common issues will predominate overall, district courts are required to consider *all factual or legal issues, including those . . . resolved earlier in the litigation.*"  *City of New York*, 2011 WL 2680474, at *5 (emphasis added).

On the liability issues already decided by this Court, the common issues already proved predominate, and so – under *In re Visa* – this condition is met.  *See In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 228 (2d Cir. 2006) (class-wide proof may come in the form of a simple concession rather than contested evidence).

Even if "damage and benefit calculations . . . may require more individualized effort," that is not a ground for refusing a predominance finding under Rule 23(b)(3).  *Cashman v. Dolce Intern./Hartford, Inc.*,  225 F.R.D. 73, 95 (D. Conn. 2004).  *Accord EEOC v. Local 638*, No. 71 Civ. 2877(RLC), 2004 WL 2414013, *8 (S.D.N.Y. Oct.28, 2004) (while "defendant also contends that the back pay claims are inappropriate for class certification because they would entail too many individualized determinations. . . .  [t]he court does not believe that this concern should bar class certification at this stage").  As noted above, in *City of New York*, this Circuit approves a class aggregate finding on the hiring shortfall to determine remedy on behalf of a Title VII class, so even the remedy phase of this case is dominated by a common issue.

### 2.    Rule 23(b)(3)'s Superiority Requirement.

The Rule 23(b)(3) superiority test directs that the courts apply a "non-exclusive"[1] list of factors, including "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."  These factors favor certification because the case is already well advanced and will therefore not benefit from being split up into 177 separate proceedings at this point.  *City of New York*, 2011 WL 2680474, at *26 ("the proper comparison is not between class litigation and no litigation at all, but between class litigation and actions conducted separately by individual class members").

Class certification has already benefitted this proceeding by allowing the liability issue to be decided for everyone at once.  *Id.* at *27.  At the late stage this case has reached, under all of

---

[1] *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 615–16 (1997).

these factors, it is simply good sense to hold the individual proceedings together.  *Velez v. Novartis Pharm. Corp*., No. 04CIV09194 (CM), 2010 WL 4877852, at *10 (S.D.N.Y. Nov. 30, 2010) ("[t]his case has already been adjudicated for nearly seven years . . . [t]o divide this Class of over 6,000 women would risk scores of repetitious individual lawsuits and would fracture what would certainly become the appellate stage of that litigation").  It will conserve resources over the alternative of allocating 177 claims individually to the judges of this District.  *Diaz v. E. Locating Serv. Inc*., No. 10 Civ. 4082, 2010 WL 2945556, at *2 (S.D.N.Y. July 22, 2010) (certification "will conserve judicial resources and is more efficient for class members"); *Cashman*, 225 F.R.D. at 95 ("requiring each of the 117 putative class members to establish Defendants' liability in individual lawsuits would be intolerably onerous on the employees and would be inefficient for both Defendants and the court").  There are no other pending cases on this claim and no evidence that this forum is improper.  *LaFlamme v. Carpenters Local No. 370 Pension Plan*, 212 F.R.D. 448, 458 (N.D.N.Y 2003).  And the remedial phase in a Title VII disparate impact case usually advances in one Phase II proceeding; concentration of such claims is desirable.  *Robinson*, 267 F.3d at 161-62.  If the 177 claims prove too numerous for the Court, then a special master may be appointed.  *City of New York*, 2011 WL 2680474, at *28.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny defendant's motion, and instead convert the current class to a hybrid Rule 23(b)(2) and (b)(3) class, with common issues as to remedies to be certified for determination under Rule 23(c)(4).[2]

Dated: New York, NY
August 4, 2011

**OUTTEN & GOLDEN LLP**
*Attorneys for Plaintiffs and the Class*

Respectfully submitted on behalf of the Plaintiffs,

By: _____/s/_____
Seth M. Marnin (ct 27308)
Adam T. Klein (phv02892)
Samuel R. Miller (phv03523)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Email: smm@outtengolden.com

Michael T. Kirkpatrick (phv02893)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
Telephone: (202) 588-1000
Facsimile: (203) 588-7795
Email: mkirkpatrick@citizen.org

---

[2] Plaintiffs had been planning to propose the modification described above in a separately noticed motion, until receiving Defendant's current motion.  Rather than add the complication of having competing and overlapping motions, or filing a cross-motion, Plaintiffs believe it is most efficient simply to rest on this Response, with the understanding that the Court will give full consideration to the modification requested. Plaintiffs have included a proposed order for the Court's consideration. *See* Attachment A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on a copy of the **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DECERTIFY CLASS** was sent electronically on **August 4, 2011** to the following counsel of record:

Maria Rodriguez
Margaret Chapple
Office of the Attorney General
55 Elm Street
4th Floor
Hartford, CT 06106
MariaC.Rodriguez@po.state.ct.us
margaret.chapple@po.state.ct.us

By:_____/s/_____
Seth M. Marnin (ct 27308)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
E-Mail: smm@outtengolden.com

# ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERIE EASTERLING, individually and on behalf of all others similarly situated | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 08 CV 826 (JCH) |
| v. | : : | |
| STATE OF CONNECTICUT DEPARTMENT OF CORRECTION. | : : : | |
| Defendant. | : : | |

**[PROPOSED]  ORDER DENYING DEFENDANT'S MOTION FOR
DECERTIFICATION AND GRANTING PLAINTIFFS' REQUEST FOR
MODIFICATION**

Plaintiffs are female applicants for entry-level Correction Officer ("CO") positions with

the Connecticut Department of Correction ("DOC") who took and failed the 1.5-mile run portion

of the physical exam used by DOC to screen CO applicants.  Plaintiffs challenged the DOC's use

of the 1.5-mile run test as a pass/fail screening device, arguing that the cut scores

disproportionately eliminated female candidates for the CO job, creating unlawful disparate

impact on women in violation of Title VII of the Civil Rights Act of 1964.

This Court granted Plaintiffs motion to certify the class on January 4, 2010.  Doc. No. 75.

On May 5, 2011, this Court granted Plaintiffs motion for summary judgment.  Doc. No. 133.

 In the wake of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), Defendant moved to

decertify the class, and Plaintiffs requested that the Court modify its prior certification ruling.

The Court hereby finds as follows:

(1) Plaintiffs satisfy Rule 23(b)(2) requirements for purposes of liability and class-wide

    injunctive relief;

(2) Plaintiffs satisfy Rule 23(b)(3) requirements for purposes of post-liability monetary relief as a Rule 23(c)(4) issues class.  Questions of law or fact common to class members predominate over any questions affecting only individual member.  Plaintiffs have already proven that common issues on liability predominate.  Even if "damage and benefit calculations . . . may require more individualized effort," that is not a ground for refusing a predominance finding under Rule 23(b)(3). *Cashman v. Dolce Intern./Hartford, Inc.*,  225 F.R.D. 73, 95 (D. Conn. 2004). *Accord EEOC v. Local 638*, No. 71 Civ. 2877(RLC), 2004 WL 2414013, *8 (S.D.N.Y. Oct.28, 2004) (while "defendant also contends that the back pay claims are inappropriate for class certification because they would entail too many individualized determinations. . . .  [t]he court does not believe that this concern should bar class certification at this stage").  Therefore, even though damage and benefits calculations may require individualized determinations, Plaintiffs have satisfied the predominance requirement.  Plaintiffs also satisfy the superiority requirement.  The Court has already determined that liability and injunctive relief are suitable for classwide relief.  At this late stage in the proceeding, it is illogical to break up the class for purposes of post-liability monetary relief.  *Velez v. Novartis Pharm. Corp*., No. 04CIV09194 (CM), 2010 WL 4877852, at *10 (S.D.N.Y. Nov. 30, 2010).  Repetitious individual lawsuits are undesirable and will not conserve judicial resources.  Certification is more efficient for class members, Defendant, and the Court. *Cashman*, 225 F.R.D. at 95.

  The Court hereby grants Plaintiffs' request to modify the class certification decision in this case to limit the Rule 23(b)(2) class to issues relating to liability, injunctive and declaratory relief and hereby further certifies a Rule 23(b)(3) class to issues relating to monetary and other make-whole relief.

It is so ORDERED this ____ day of _____, 2011.


_____

Honorable Janet C. Hall
United States District Judge