```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
                                   :
CHERIE EASTERLING, ET AL           :
                                   :
                                   :
v.                                 :   CIV. NO. 3:08CV826 (JCH)
                                   :
STATE OF CONNECTICUT               :
DEPARTMENT OF CORRECTIONS          :
                                   :
                                   :
```

<u>RULING ON PLAINTIFFS' MOTION TO COMPEL</u>

By letter dated March 29, 2012, plaintiffs contacted the court for assistance in resolving a discovery dispute. Specifically, plaintiffs seek disclosure of documents concerning additional hiring criteria the Department will rely upon, as an affirmative defense, to attempt to disqualify class members from receiving back pay relief and to reduce the hiring shortfall. Defendant responded that all relevant documents had been disclosed except the questions posed during oral interviews which defendant was unwilling to provide at this time because of the current selection process, in which some of the plaintiffs are participating.  Judge Hall referred the matter to the undersigned. A conference was held on April 9, 2012.

After discussion with the Magistrate Judge, counsel have agreed to resolve their discovery dispute as follows: Defendant's

counsel will consult with the DOC to determine if there are any additional documents or electronic information responsive to plaintiffs' request for information relating to the 2004/2006 officer selection process factors. The specific questions used in the interview portions of the 2004 and 2006 selection process will not be disclosed until the oral interviews for the current selection process are completed; then they will be disclosed for attorneys' eyes only.  A DOC witness will be produced pursuant to Rule 30(b)(6) to answer questions about the 2004/2006 selection process other than the physical fitness test.  The parties are not waiving their respective positions concerning the legal import or relevance of evidence about the application of factors other than the physical fitness test to the selection process or the process of reducing the shortfall for purposes of calculating class damages.

Construing the letter as a Motion to Compel, it is **DENIED as MOOT** in light of the agreement of the parties.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

    SO ORDERED at Bridgeport this 11th day of April 2012.


                         __/s/_____
                         HOLLY B. FITZSIMMONS
                         UNITED STATES MAGISTRATE JUDGE